IN IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CAPITAL GENERATIONS LLC,**　　　　　　　　　Case No.: <u>1:25-cv-7321</u>

Plaintiff,
　　　　　　　　　　　　　　　　　　　　District Judge:
　　　　　　　　　　　　　　　　　　　　**The Honorable Robert W. Gettleman**

~ *against* ~
**NEXTWAVESTEM, LLC,**
　　　　　　　　　　　　　　　　　　　　Magistrate Judge:
　　　　　　　　　　　　　　　　　　　　**The Honorable Jeannice W. Appenteng**

Defendant,

# DEFENDANT NEXTWAVESTEM, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

## I. INTRODUCTION

Plaintiff Capital Generations, LLC ("Plaintiff") seeks the extraordinary relief of a temporary restraining order and/or preliminary injunction based on an alleged breach of an anti-raiding clause in a service agreement. However, Plaintiff's motion is fundamentally flawed both factually and legally. The individuals at the center of Plaintiff's claim, Marcos Amaral and Tareeta Arora, were not an employee of Capital Generations, LLC. They were independent contractors, and as such, are not covered by the plain language of the anti-raiding provision. Moreover, Defendant NextWaveSTEM, LLC ("NextWave") did not hire either individual as employees, but rather engaged them separately and independently as contractors. Plaintiff has therefore failed to meet the legal standards for injunctive relief, and its motion must be denied.

## II. LEGAL STANDARD

To obtain a preliminary injunction or TRO, Plaintiff must demonstrate:

1. A likelihood of success on the merits;
2. That it will suffer irreparable harm absent preliminary relief;
3. That the balance of harms favors granting the injunction; and
4. That the public interest supports an injunction.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc.*, 549 F.3d 1079, 1085–86 (7th Cir. 2008).

Plaintiff cannot meet these elements.

---

III. ARGUMENT

## A. Plaintiff Is Unlikely to Succeed on the Merits

### 1. The Anti-Raiding Clause Does Not Apply to Independent Contractors

The contract clause Plaintiff relies on prohibits either party from soliciting or employing "any person employed" by the other party, or anyone who "has been so employed" in the prior 24 months. This language unambiguous—it applies to employees, not independent contractors.

Marcos Amaral and Tareeta Arora were, at all relevant times, independent contractors of Capital Generations, LLC. They were not on payroll, did not receive employee benefits, and operated with independence and discretion typical of contractor status. Consequently, they do not fall within the scope of the clause.

Courts enforce restrictive covenants according to their plain terms. *Cambridge Eng'g, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 447 (1st Dist. 2007). Had the parties intended to include contractors in the scope of the clause, they could have explicitly said so.

### 2. NextWave Did Not "Employ" the Individuals—It Retained Them as Independent Contractors

Even assuming arguendo that the clause applied to contractors, Plaintiff's claim still fails. NextWave did not hire Mr. Amaral or Ms. Arora as employees. Rather, NextWave retained them as independent contractors, consistent with lawful business practices and contractor relationships. There is no evidence of employment or an employment offer, and therefore no breach.

## B. Plaintiff Has Not Demonstrated Irreparable Harm

Plaintiff has not provided any evidence of imminent, irreparable harm that cannot be remedied by monetary damages. The standard for irreparable harm requires more than speculative or hypothetical concerns. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984).

Any harm resulting from the alleged breach would be compensable through damages, if proven. There is no threat to Plaintiff's goodwill, confidential information, or business viability that rises to the level required for injunctive relief.

## C. The Balance of Harms Favors NextWave

Issuing an injunction would cause disproportionate harm to NextWave by interfering with its contractual relationships and operations with independent contractors. In contrast, Plaintiff's asserted harm is minor and speculative.

## D. The Public Interest Does Not Support an Injunction

Public policy disfavors overbroad or improperly applied restrictive covenants. Enjoining an unrelated business relationship involving independent contractors based on a strained reading of a contract undermines lawful competition and worker freedom.

## IV. CONCLUSION

For the foregoing reasons, Defendant NextWaveSTEM, LLC respectfully requests that the Court **deny** Plaintiff Capital Generations, LLC's Motion for Temporary Restraining Order and/or Preliminary Injunction in its entirety.

**Respectfully submitted,**
**Dated:** 7/23/2025

By: *Kyle Badgley*

**Kyle Badgley**
(765) 993-1533
Badgleyk@gmail.com
**Attorney for Defendant NextWaveSTEM, LLC**