IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CAPITAL GENERATIONS LLC,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　~ *against* ~<br><br>**NEXTWAVESTEM, LLC,**<br><br>　　　　　　　　　　Defendant, | Case No.: __1:25-cv-7321__<br><br>District Judge:<br>**The Honorable Robert W. Gettleman**<br><br>Magistrate Judge:<br>**The Honorable Jeannice W. Appenteng** |

**REPLY MEMORANDUM OF LAW** *by*
**PLAINTIFF IN SUPPORT OF**
**ENTRY OF A TEMPORARY RESTRAINING ORDER,**

By:　Baruch S. Gottesman, Esq.
　　　GOTTESMAN LEGAL PLLC
　　　11 Broadway, Suite 615
　　　New York, NY 10004
　　　*Counsel for Plaintiff*

i

**Plaintiff's Reply**

The Supreme Court has confirmed that since "the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held", *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), the proceedings are not subject to strict evidentiary standards. *See for example S.E.C. v. Cherif*, 933 F.2d 403, 412 n.8 (7th Cir. 1991)(hearsay can be considered in entering a preliminary injunction).

But even under the lower evidentiary standards for consideration of a Temporary Restraining Order, a party needs to make *some* evidentiary representation of their position. Defendants have failed to do so here and therefore the TRO should be granted.

Counsel for Defendants proffers a representation that "at all relevant times [the subject individuals were] independent contractors of Capital Generations, LLC. They were not on payroll, did not receive employee benefits, and operated with independence and discretion typical of contractor status. Consequently, they do not fall within the scope of the clause." Defendant's Opposition (ECF 14) at p. 2. Defendant also admits that "NextWave retained [the subject individuals] as independent contractors, consistent with lawful business practices and contractor relationships." *Id.* Nothing is provided in writing directly from the Defendants and nothing is provided in writing by the subject individuals. It is simply a representation by Counsel about the relationship between different parties who are not his clients.

But even those representation by Counsel bolster the factual basis for the TRO!

The Defendant admits that the individuals were employed by Capital Generations, LLC. The Defendant admits that within the restrictive period, they were retained by the Defendant. The Defendant's version of the story – to the extent that a lawyer's rumination about the status of

1

non-clients is even properly before the Court – is entirely consistent with the Plaintiff's characterization of what happened here.

The Defendant's admissions are made to forward the creative argument is that the reference in the non-raiding clause to: "any person employed" was based on a carefully drafted technical distinction between an "employee" as opposed to an "independent contractor".

But that hair-splitting fails on multiple basis.

*First* – the contract speaks for itself. It describes the "continuous service" provided by the employees, including the Holidays when employees would not be available, *See* Agreement at ¶ 7. There are detailed goals laid about the work to be provided and sales goals, Agreement at ¶ 1. It also speaks to the replacement of employees within three days of any attrition, Agreement at ¶ 1.

This is not the sort of "independence and discretion typical of contractor status" claimed by the Defendant. We are not talking about staff who had a general goal provided to them by either Capital Generations LLC and NextWaveSTEM, LLC, and who were then free to work when they wanted, how they wanted and under what circumstances they wanted. Rather, there are specific metrics provided (sales target of $400,000.00 within a 12-month period), means of doing the selling (via telephone, e-mail and LinkedIn for the purpose of finalizing contracts on behalf of Defendant), titles that indicate employment status (Account Executive); times when the services will and not be provided (Monday thru [sic] Friday, except for certain identified Holidays; as well as no gap of more than three days upon attrition).

Simply put, the contract between the parties clearly describes the Account Executives provided by the Plaintiff as fully controlled employees.

2

***Second*** – if we're going to split hairs, let's split them fine.

Wyoming Courts "have defined an independent contractor as 'one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work.'" *Franks v. Independent Production Co., Inc.*, 96 P.3d 484 (Wyo. 2004) *quoting Combined Ins. Co. of America v. Sinclair*, 584 P.2d 1034, 1043 (Wyo. 1978).

The fact that the individuals did not receive employee benefits is irrelevant under Wyoming law. And under Wyoming law, an independent contractor is strictly limited to situations where they are not "subject to the control of the employer except as to the result of the work". That's not the relationship described in the Agreement, alleged by Defendant, or in reality.

Further, Wyoming's idiosyncratic and strictly cabined definition of "independent contractor" is affirmed by its legislature which for purposes of equal pay laws chose to define "Employee" to mean "any individual employed by an employer". WYO. STAT. § 27-4-301. Under Wyoming law you need to work really hard to be considered an "independent contractor". Nothing in the record shows that the relationship between Plaintiff and the subject individuals met that limited definition.

In summary, even if the Court were to read the references in the Agreement to "employment" in some technical sense, then under the relevant technical definition, these were technically "employees", *See* Agreement at ¶ 17 (Agreement governed by Wyoming law).

***Third*** – the Defendant's theory is just a little too convenient.

As alleged in the Affidavit in Support, the Parties had been working together for a number of years. The relevant Agreement has been in place since 2024.

3

Under the Defendant's theory, these "independent contractors" could have been hired away at any time and under any circumstances. And yet, the Defendant agreed to the non-raiding clause. The parties' course of dealings showed the parties adhered to that non-raiding clause over the course of their long relationship.

It was years into their relationship, and only after the Defendant elected to breach their contract that the Defendant conveniently discovered that the subject individuals were actually independent contractors and free to poach.

That theory does not work as a matter of fact. The course of dealings makes clear that the parties always understood that the subject individuals were subject to the non-raiding clause. And the theory fails as a matter of law, because Wyoming law recognizes a cause of action for Breach of the Covenant of Good Faith and Fair Dealing that requires the parties to read contracts fairly, in light of past dealings, and under the genuine intent of the parties, *See generally Wilcox v. Security State Bank*, 523 P.3d 277 (Wyo. 2023)(confirming continued viability of claim for Good Faith and Fair Dealing under Wyoming law, and describing Good Faith and Fair Dealing as a "require[ment] that a party's actions be consistent with the agreed common purpose and justified expectations of the other party. . . . The purpose, intentions, and expectations of the parties should be determined by considering the contract language and the course of dealings between and conduct of the parties") *Wilcox*, 523 P.3d at 290 *quoting Skyco Res., LLP v. Fam. Tree Corp*, 512 P.3d 11, 24 (Wyo. 2022).

On the issue of irreparable injury, the Plaintiff stands on their Argument in the Memorandum of Law in Support.

4

For these reasons, we respectfully submit that this Honorable Court should issue a Temporary Restraining Order as proposed in the accompanying Proposed Order.

DATED: **JULY 23, 2025**

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2025, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system, and on the individual who has represented himself as Counsel for the Defendant by e-mail to: badgleyk@gmail.com.

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.