IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CAPITAL GENERATIONS LLC,**<br><br>Plaintiff,<br><br>~ *against* ~<br><br>**NEXTWAVESTEM, LLC,**<br><br>Defendant, | Case No.: **1:25-cv-7321**<br><br>District Judge:<br>**The Honorable Robert W. Gettleman**<br><br>Magistrate Judge:<br>**The Honorable Jeannice W. Appenteng** |

### JOINT STATUS REPORT

**A.     The date and time this case is set for
              a status report before the Court**

Pursuant to ECF 17, this Joint Status Report is due on August 22, 2025.  This matter has been sent down for a Telephone Hearing on September 9, 2025.


**B.     The attorneys of record for each party,
              indicating which attorney is expected to try the case.**

Plaintiff Capital Generations LLC is represented by:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004

Counsel Gottesman will try the case for the Plaintiff.

Defendant NextWaveStem, LLC represented by:

Kyle Badgley
BADGLEY LAW
540 North State St., #2903
Chicago, IL 60654
Counsel Badgley will try the case for the Defendant.

### C. The basis of federal jurisdiction

The Plaintiff asserted Federal Jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question under the DTSA). Defendant does not contest jurisdiction or venue for purposes of this case.

### D. Whether a jury has been requested and by which party

The Plaintiff demanded a jury for all triable issues. The Defendant has not separately demanded a jury trial and reserves all rights.

### E. The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case

The Plaintiff alleges that the Defendant breached a service agreement by soliciting and hiring Plaintiff's employees in violation of a non-raiding clause, misappropriated trade secrets in violation of the Defend Trade Secrets Act (18 U.S.C. § 1836), and tortiously interfered with contractual relations. Plaintiff seeks damages, injunctive relief, and attorney's fees.

Defendant denies liability, denies any misappropriation of trade secrets or breach of contract, and asserts affirmative defenses including failure to state a claim, lack of protectable trade secrets, and lack of damages or speculative damages.

  **F.** **The relief sought by any party, including
computation of damages, if available**

  The Plaintiff seeks: (1) injunctive relief barring Defendant from employing Plaintiff's staff, (2) compensatory damages in an amount to be determined at trial, but in no event no less than $250,000, (3) exemplary damages, (4) disgorgement of profits or reasonable royalties, and (5) attorney's fees.

  Defendant seeks dismissal of the complaint with prejudice, denial of injunctive relief, and an award of costs and attorney's fees.

  Pursuant to ECF 17, this Joint Status Report is due on August 22, 2025. This matter has been sent down for a Telephone Hearing on September 9, 2025.

  **G.** **The name of any party who or which has not been served,
and any fact or circumstance related to
service of process on such party**

  All named Defendants have appealed and there is no dispute about service.

  **H.** **The principal legal issues
(including the citation to any key legal authority related to such issue)**

  Enforceability of Non-Raiding clauses under Wyoming and Illinois law. Application of the Defend Trade Secrets Act to the circumstances of this case.

3

      **J.**      <u>**A brief description of all anticipated motions**</u>

Plaintiff reserves the right to Amend the Complaint to name the contractors at issue (who are themselves subject to a non-compete), and to renew their Motion for a Temporary Restraining Order.

At the conclusion of Discovery, the Parties anticipate there may be relevant Motions in Limine and Motions for Summary Judgment.

      **K.**      <u>**A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.**</u>

**September 8, 2025** – Initial Disclosures pursuant to Rule 26

**September 15, 2025** – Parties propound Demands for Production, Interrogatories, Requests to Admit and other relevant discovery devices. Parties meet and confer on third-party subpoenas.

**October 20, 2025** – Response to written Discovery demands.

**November 2025** – Virtual Deposition of Corporate Representatives and Key Witnesses on days/times to be agreed to by the Parties.

**December – January** – If any Party intends to introduce expert witness testimony, written discovery and voir dire/depositions of the proposed expert witnesses.

**January 31, 2025** – Close of Discovery

4

    L.    **The earliest date the parties would be ready for trial and the probable length of trial.**

Subject to the Court's availability, and the scheduling/decision on relevant Motions in Limine and Motions to Dismiss, the Parties should be ready for trial by February 1, 2026.

The Parties anticipate a two day trial.

    M.    **The status of any settlement discussions and whether a settlement conference would be appropriate**

The Parties have engaged in extensive settlement discussions. Counsel have considered and discussed with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADR).

At this time, the Parties have not settled. At this time, the parties will not attempt to resolve this matter through ADA.

    N.    **Whether the parties will consent to jurisdiction and trial before a magistrate judge**

The Defendant would consent to jurisdiction before a Magistrate Judge. The Plaintiff declines to provide their consent.

*[Remainder of Page Intentionally Left Blank]*

The Parties thank the Honorable Court for their continuing attention to this case.

**DATED:     August 22, 2025**

| *For the Plaintiff Capital Generations LLC* | *For the Defendant NextWaveStem, LLC* |
|---|---|
| RESPECTFULLY SUBMITTED,<br><br>_____<br>Baruch S. Gottesman, *Esq.*<br>GOTTESMAN LEGAL PLLC<br>11 Broadway, Suite 615<br>New York, NY 10004<br>Phone: (212) 401-6910<br>bg@gottesmanlegal.com | RESPECTFULLY SUBMITTED,<br><br>_____<br>Kyle Badgley, *Esq.*<br>BADGLEY LAW<br>540 North State St., #2903<br>Chicago, IL  60654<br>Phone: |

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system, and on the individual who has represented himself as Counsel for the Defendant by e-mail to: badgleyk@gmail.com.

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.